

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 25, 1961

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin 14, Texas

Opinion No. WW-1122

Re: Proper method of acqui-
sition by the Highway
Department of parcels of
land for highway purposes
when such land was hereto-
fore by tax sale conveyed
to the State upon fore-
closure of tax liens held
by the State, City of
Houston and Houston Inde-
pendent School District
and related questions.

Dear Sir:

You have made request of this office for an opinion
relating to the transfer and conveyance of lots located in the
City of Houston to the State Highway Department for right of
way in connection with Interstate Highway Loop 610. This land
was purchased heretofore at tax sales by the State of Texas.

Your letter states that one of these tracts, desig-
nated for acquisition purposes as Parcel No. 441, was acquired
by the State of Texas under a sheriff's deed dated April 5,
1927, pursuant to foreclosure of a tax lien against such
property for delinquent State taxes by a District Court judg-
ment entered on August 13, 1926.

The second tract, designated as Parcel No. 456, was
acquired by the State of Texas under a sheriff's deed dated
March 24, 1955, pursuant to a District Court judgment entered
on September 7, 1954, foreclosing tax liens against such
property for delinquent State, City of Houston and Houston
Independent School District taxes in a tax suit brought by the
State.

In your letter expressing the Highway Department's
desire to acquire this property for highway purposes, you have
requested an answer to the following questions:

"(1) Is it lawful for the County
Judge and County Commissioners, acting
as the Commissioners' Court of Harris

County, to execute a transfer of juris-
diction to the State Highway Department
on said Parcel 441?

"(2) Is it lawful and proper to
include the court costs as part of the
consideration to be paid by the Highway
Department for such transfer of juris-
diction of Parcel 441, or should the
consideration be limited to the amount
of delinquent taxes reduced to judgment?

"(3) Is it lawful and proper for
the Commissioners' Court of Harris County
to transfer jurisdiction to the State
Highway Department of the State's un-
divided interest in Parcel 456 and also
make a conveyance to the Highway Depart-
ment of the undivided interest in said
property now owned by the City of Houston
and the Houston Independent School Dis-
trict?

"(4) If your answer to above ques-
tion (2) is in the negative, then is it
lawful for that portion of the court costs
assessed against the City and School Dis-
trict to be included as a part of the con-
sideration for the conveyance of the City
and School District's interest in Parcel
456?"

In answering these questions, reference should be
made to Article 7345b, Sec. 9, Vernon's Civil Statutes, and
particularly the following provisions thereof:

"Section 9. If the property be
sold to any taxing unit which is a party
to the judgment under decree of the court
in said suit, the title to said property
shall be bid in and held by the taxing
unit purchasing the same for the use and
benefit of itself and all other taxing
units which are parties to the suit and
which have been adjudged in said suit to
have tax liens against such property, pro
rata and in proportion to the amount of
the tax liens in favor of said respective
taxing units as established by the judg-

ment in said suit, and costs and expenses shall not be payable until sale by such taxing unit so purchasing same. The taxing unit may sell and convey said property so purchased by it, or which has heretofore been purchased in the name of any officer thereof, at any time in any manner determined to be most advantageous to said taxing unit or units either at public or private sale, . . . but such property shall not be sold by the taxing unit purchasing the same, at private sale, for less than the adjudged value thereof, if any, as established in the tax judgment, or the total amount for which such judgment was rendered against the property in said suit, whichever is lower, . . . . If the State of Texas is the taxing unit which purchased said property at the tax foreclosure sale, the Commissioners Court of the county in which the property is located shall have authority to act for the State of Texas in making private sales and conveyances of said property, as herein provided, . . . ."

Considering your questions 1 and 3 together, it is the opinion of this office that the above statute would authorize the Commissioners Court of Harris County to transfer and convey Parcels Nos. 441 and 456 to the Highway Department for interstate highway purposes, including the interest in such parcels held by the City of Houston and Houston Independent School District.

For the proper form of conveyance for transferring the State's interest in the above parcels to the Highway Department, it would be proper, in view of Article 6674w-3, Sec. 2, Vernon's Civil Statutes, for the Commissioners Court to execute a transfer of use and jurisdiction of subject property to the Highway Department.

By virtue of the provisions of Sec. 9 of Article 7345b, the tracts can only be sold at private sale for not "less than the adjudged value thereof, if any, . . . or the total amount for which such judgment was rendered against the property . . .", whichever is lower. Tax judgments are rendered for the taxes and costs of court. Your second and fourth questions are answered in the affirmative.

## S U M M A R Y

The Commissioners Court of Harris County is authorized to execute a transfer of use and jurisdiction of the State's interest and a conveyance of the interest held by the City of Houston and Houston Independent School District in Parcels Nos. 441 and 456, and the consideration for such transfer and conveyance would be any amount, not less than the adjudged value thereof, if any, or the amount of the judgment in the tax suit, whichever is lower.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Thomas Burrus
Assistant

TB:ljb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Charles Lind
Glenn Brown
Gordon Cass

REVIEWED FOR THE ATTORNEY GENERAL
BY: Howard W. Mays